[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 24.]

RICHLAND COUNTY BAR ASSOCIATION *v.* BEILSTEIN.

[Cite as *Richland Cty. Bar Assn. v. Beilstein*, 1995-Ohio-64.]

*Attorneys at law—Misconduct—Public reprimand—Misrepresentation—Neglect of an entrusted legal matter—Failure to cooperate in investigation of charged misconduct.*

(No. 94-2649—Submitted January 24, 1995—Decided April 12, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-05.

_____

{¶ 1} Relator, Richland County Bar Association, on February 22, 1994, charged respondent, Kathryn Ann Beilstein of Mansfield, Ohio, Attorney Registration No. 0023682, with having violated, *inter alia*, DR 1-102(A)(4) (misrepresentation) and 6-101(A)(3)(neglect of an entrusted legal matter). Relator also alleged that respondent failed to cooperate in the investigation of the charged misconduct and, thus, violated Gov.Bar R. V(4)(G). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court heard the matter on June 24, 1994.

{¶ 2} Respondent stipulated to two counts of neglect and misrepresentation and to her failure to cooperate. With respect to the first count, the stipulations and respondent's testimony before the panel established that Lorna G. Lacey retained her during the first half of 1991 to prepare and file a bankruptcy petition. On or before June 17, 1991, Lacey paid respondent $400 as a retainer and a filing fee of $120 to handle the matter. Respondent represented to Lacey that she had filed the petition in bankruptcy court, when, in fact, she had not. In December 1991, Lacey requested the return of her fees, but respondent was unable at that time to repay the money. On August 28, 1992, Lacey filed a complaint with relator, and respondent

indicated in response that she was prepared to return the $400 and $120. On or about March 23, 1993, respondent returned both fees to Lacey.

{¶ 3} With respect to the second count of misconduct, the stipulations and respondent's testimony established that William Dunn and his wife contacted respondent in or around April 1990 concerning a potential breach of contract action against a life insurance company. Dunn paid respondent $250. Respondent subsequently contacted the insurance company concerning the matter, and by the end of July 1992, had performed approximately 5.5 hours worth of work on the case. Respondent made statements to Dunn suggesting that she had filed a complaint against the insurance company, when, in fact, she had not. During 1993, Mr. Dunn filed a complaint with relator, and respondent returned his $250 on or about May 24, 1994.

{¶ 4} The panel found that respondent had committed the cited disciplinary infractions. Before recommending a sanction, the panel considered respondent's expression of remorse and testimony or correspondence from numerous character references. The panel also considered that respondent had been struggling with bipolar disorder, a psychological malady with which she was diagnosed in February or March 1990; that she has since been under the care of a psychiatrist; and that her condition is currently being controlled through medication.

{¶ 5} The panel accepted the parties' suggested sanction that respondent be publicly reprimanded for her misconduct. The board adopted the panel's findings and its recommendation.

———————————

*Eric S. Miller*, for relator.

*Mark H. Aultman*, for respondent.

———————————

**Per Curiam.**

2

**{¶ 6}** We have reviewed the record in this case and concur in the board's findings of misconduct and its recommendation. Thus, we hereby publicly reprimand respondent for having violated DR 1-102(A)(4), 6-101(A)(3) and Gov. Bar R.V(4)(G). Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————